[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10756
_____

D.C. Docket No. 5:12-cv-00136-LGW-RSB


TORRENCE SHEPPARD,
DEVONTRAY MYERS,

                              Plaintiffs – Appellees,

versus

PIERCE COUNTY, GEORGIA, et al.,

                              Defendants,

CHRIS WRIGHT,
in his individual capacity,

                              Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(November 10, 2015)

Before HULL, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Detective Chris Wright of the Blackshear County Police Department appeals from the denial of his motion for summary judgment on qualified immunity grounds. In a complaint for damages under 42 U.S.C. § 1983, Torrence Sheppard alleges that Wright violated his constitutional right to be free from excessive force during Sheppard's arrest for a burglary at Boyette Electric.

We review de novo the district court's denial of summary judgment; whether a defendant is entitled to qualified immunity is also a question of law that we review de novo. *See Lee v. Ferraro*, 284 F.3d 1188, 1190 (11th Cir. 2002). We must view the evidence and all reasonable inferences therefrom in the light most favorable to the plaintiff; here, Sheppard. *See id.* After viewing the evidence in the light most favorable to and resolving all issues of material fact in favor of Sheppard, the legal question of whether Wright is entitled to qualified immunity must be determined "under that version of the facts." *See id.*

The issue at the heart of this appeal is whether the evidence at this stage of the case, construed in the light most favorable to Sheppard, presents a genuine issue about whether Wright conspired with, aided and abetted, and/or actively participated in the beating of Sheppard by Carl Boyette, the owner of Boyette Electric. According to the deposition testimony of both Wright and Boyette,

2

Boyette is Wright's friend. Prior to the incident, Wright had been assisting Boyette regarding the investigation of thefts of copper wire from Boyette Electric. Under Sheppard's version of the facts, Wright detained Sheppard on the side of the road, invited Boyette to their location, allowed Boyette to threaten Sheppard's life, and held him still so that Boyette could strike him in the face with a flashlight, all while Sheppard was handcuffed, non-resisting, and subdued. The district court found that there was a genuine issue regarding whether Wright used excessive force against Sheppard by holding him up while handcuffed to permit the assault by Boyette.

We agree that there is enough evidence to permit a jury to reasonably find that Wright acted in concert with Boyette, permitting him to strike Sheppard, while Sheppard was compliant, handcuffed, and in custody. Given the above-mentioned facts and other evidence in the record, which together are construed in a light most favorable to Sheppard, summary judgment was properly denied because it is clearly established law in this circuit that a police officer violates the Fourth Amendment, and is denied qualified immunity, if that officer uses excessive force against a handcuffed, non-resisting suspect who has already been subdued. *See Hadley v. Gutierrez*, 526 F.3d 1324, 1333–34 (11th Cir. 2008); *Lee*, 284 F.3d at 1199. Accordingly, we conclude that the district court's denial of summary judgment as to Wright is due to be affirmed.

3

**AFFIRMED.**